## Case No. 8,672.

McCALL et al. v. LAWRENCE.

[3 Blatchf. 360.] [1]

Circuit Court, S. D. New York. Nov. 30. 1855.

CUSTOMS DUTIES—APPRAISEMENT—NO APPEAL—NO OBJECTION.

1. An appraisement of imported goods by the public appraisers, is, under section 17 of the act of August 30th, 1842 (5 Stat. 564), conclusive as to the dutiable value of the goods unless it is appealed from, when there is no protest as to the regularity of the appraisal. The case of Roller v. Maxwell [Case No. 12,025], cited and approved.

[See Bailey v. Goodrich, Case No. 735.]

2. Where a portion only of the public appraisers act in making an appraisement, their action, when not objected to by protest for that reason, is equivalent to the concurrent action of all the appraisers. It is only necessary that those who certify to the appraisal should have actually made it.

This was an action [by Hamilton McCall and another] against [Cornelius W. Lawrence] the collector of the port of New York, to recover back an excess of duties. The jury found a verdict for the plaintiffs, subject to the opinion of the court on a case.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, for defendant.

BETTS, District Judge. On the 16th of February, 1848, the plaintiffs made an entry of sundry merchandise imported from Liverpool. From the aggregate of the invoice charges and prices of the goods an abatement was stated, on the entry, of thirty-two and one-half per cent., to bring those charges to the market value or price of the merchandise, and, from the quotient, a further discount of three per cent. for cash was made. It is claimed, on the part of the plaintiffs, that the entry so prepared and made exhibited the actual market value and price of the importation, and that alone on which the goods were liable to duties. An appraisement was made upon the entry, and the public appraisers disallowed the three per cent. discount for cash, and also deducted two and one-half per cent. from the thirty-two and one-half per cent. abatement made on the invoice and entry, and appraised the value of the goods entered, at the sums produced by such rectification of the entry—that is, at the price of the invoice, less thirty per cent. réduction. The collector charged and collected duties on such appraised valuation. The excess of duties above those payable on the entry amounted to $60.40, which was paid by the plaintiffs, under a protest in writing; and this action is brought to recover back that sum, as illegally exacted by the defendant.

The goods imported were subjected to an official appraisement at the custom-house, and duties were computed and levied in conformity with the valuation certified on that

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

appraisal; and, to disprove the justness of that valuation, evidence was introduced and received on the trial. In our judgment, the appraisement was conclusive, in law, as to the market price and dutiable value of the merchandise imported. We are not convinced that the evidence produced by the plaintiffs authorized a finding against the valuation made by the appraisers, and supported the invoice as entered; but we hold, that it was not a question open for investigation before a jury, whether the appraisers misjudged in their estimate of the value. Roller v. Maxwell [Case No. 12,025]. The appraisement in this case was made on the 29th of February, 1848, and the certificate of appraisement was signed by some of the principal appraisers of this port, though not by all. No exception is taken in the protest, to the authority or regularity of the appraisal. The objection goes only to the correctness of the valuation, insisting that the entry is of the fair market value of the goods. The 17th section of the act of August 30th, 1842 (5 Stat. 564), declares that an appraisement of value by the public appraisers shall be final and conclusive—reserving, however, to the importer a right of appeal to merchant appraisers.

We must regard the action of a portion of the appraisers to be, in respect to the rights of the owner and consignee who makes no objection thereto in his protest, equivalent to the concurrent action of all the appraisers. The 2d section of the act of March 3d, 1851 (9 Stat. 630), which declares that the certificate of any one of the appraisers shall be deemed and taken to be made by the appraisers, shows what was the meaning of congress in the antecedent acts directing appraisements to be made by the public appraisers, even if the provisions of the previous enactments are equivocal on that point. There is no evidence in the case proving that all of the appraisers who gave the certificate did not personally examine and appraise the goods. We do not think that the case of Greely v. Thompson, 10 How. [51 U. S.] 225, imports that all or any particular proportion of the public appraisers must make an examination and appraisal of entries. It is only necessary that those who certify to the appraisal should have actually made it.

The dutiable value of the goods in question was determined by the appraisement. In a question as to the amount of duties chargeable upon importations, congress has made the appraisers the only tribunal competent to determine that fact, subject now entirely to the provisions of the act of March 3d, 1851 (9 Stat. 629), and, at the time this entry and appraisement were made, subject to an appeal to merchant appraisers. That appeal was the only remedy afforded by law to the plaintiffs against a wrongful appraisal, and, it not having been taken by them, they can have no redress by action against the collector, even if they are able to prove that the estimate made by the appraisers was inaccurate and unjustifiable. The statute renders their certificate final on that question, between the importer and the collector.

The plaintiffs' counsel insists that the decision of this court rendered in the case of Gray v. Lawrence [Case No. 5,722], governs the questions raised in this case, and establishes the right of the plaintiffs to recover the duties protested against and demanded in this suit. That decision is misapprehended or misapplied. It related to an invoice of Irish linens, from the footing of which a deduction of 7½ per cent. was made. The custom-house appraisers certified the entry and invoice to be correct, with that rebate. Notwithstanding that report of the appraisers, the collector, acting under the direct and positive instructions of the secretary of the treasury, refused to allow 7½ per cent. abatement from the invoice and entry, and allowed only 2½ per cent., charging duties on the 5 per cent. difference. The action was brought to recover back the duties exacted on that difference of 5 per cent. The decision of the court was, that the determination and report of the appraisers fixed the value of the invoice, and that the secretary of the treasury had no authority, in law, to establish a different value, or to empower the collector to exact duties upon a different valuation. His instructions to collectors are not conclusive upon the courts, in the construction of revenue laws, although they are entitled to be received and examined with the greatest respect. Marriott v. Brune, 9 How. [50 U. S.] 619, 635; Greely v. Thompson, 10 How. [51 U. S.] 225, 234. There is no principle in Gray v. Lawrence [supra], that is in conflict with the ruling in this case.

Judgment for defendant.